GROSS, C.J.
 

 The Florida Election Commission (“FEC”) appeals that portion of a corrected final order entered by an administrative law judge dismissing certain election law violations against Susan Valliere and A. James Valliere. The Vallieres cross appeal that portion of the order finding Susan guilty of two violations and James guilty of one. We affirm and write to address one issue raised in the cross appeal.
 

 Appellees argue for a narrow construction of the term “hearsay” in section 106.25(2), Florida Statutes (2008), which provides in pertinent part:
 

 The commission shall investigate all violations of this chapter and chapter 104, but only after having received either a sworn complaint or information reported to it under this subsection by the Division of Elections.
 
 Such sworn complaint must be based upon personal information or information other than hearsay.
 

 (Emphasis added). The italicized portion of the statute became effective on January 1, 2008. Ch.2007-30, Laws of Fla. §§ 48, 57. Appellees contend that, as used in section 106.25(2), the term “hearsay” is defined by the evidence code, as being a “statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2008). Thus, according to appellees, a complainant could not base a complaint upon a campaign treasurer’s report, because the report is a “classic example” of hearsay.
 

 The administrative law judge rejected appellees’ narrow reading of section 106.25(2). He recognized that the purpose of the language added to that section “was to raise the bar on what complaints would spawn an investigation of a candidate for elective office.” He observed that a strict reading of the “Legislature’s attempt to require more reliability from citizen complaints” would come “dangerously close” to being a “prohibition against citizen complaints.” He adopted an interpretation of
 
 *508
 
 the term “hearsay” that focused on the reliability of the underlying information:
 

 The better interpretation of the new statutory limitation preserves the distinction between, on the one hand, hearsay that will never be admissible — e.g., the overheard barber shop conversation — and, on the other hand, hearsay that, by itself, is admissible — e.g., the admission of the candidate — or will likely be admissible — e.g., with the testimony of a records custodian, the campaign treasurer’s report, as provided by [section 90.80[3](6)(a), Florida Statutes. This interpretation, distinguishing between admissible hearsay and inadmissible hearsay, governs the acceptance of affidavits in summary judgment practice under Rule 1.510, Florida Rules of Civil Procedure, which requires that affidavits be based on “personal knowledge [and] shall set forth such facts as would be admissible in evidence.... ”
 

 The administrative law judge’s construction of the term “hearsay” in section 106.25(2) is well taken. The term is ambiguous because “reasonable persons can find different meanings in the same language.”
 
 Forsythe v. Longboat Key Beach Erosion Control Dist.,
 
 604 So.2d 452, 455 (Fla.1992). A court should not interpret the term “hearsay” in a way that leads “to an unreasonable result or ridiculous conclusion.”
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984). Reading the section 90.801 definition of “hearsay” into section 106.25(2) would lead to an absurd result. The evidence code defines hearsay as a statement that occurs outside of a “trial or hearing.” A citizen complaint to the FEC does not involve a “trial or hearing,” so every “statement” forming the basis of the complaint would necessarily be “hearsay”; no statement, no record of any kind could ever be used in a citizen complaint, even business records or statements by a candidate himself admitting to a campaign violation.
 

 Instead of the absurd results that would arise from application of the technical definition of “hearsay” in the evidence code, the legislature used the term in section 106.25(2) according to its common usage. “Words of common usage, when used in a statute, should be construed in the plain and ordinary sense, because it must be assumed that the Legislature knows the plain and ordinary meaning of words used in statutes and that it intended the plain and obvious meaning of the words used.”
 
 Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.,
 
 945 So.2d 1216, 1225 (Fla.2006). The plain and ordinary sense of “hearsay” is “an item of idle or unverified information; gossip; rumor.”
 
 Random House Dictionary of the English Language
 
 654 (unabridged ed. 1967). The administrative law judge’s interpretation of the statute serves the legislative intent to require reliability in citizen complaints in order to generate an investigation, while not setting an unrealistically high bar to enforcement of the election law.
 

 Affirmed.
 

 WARNER, J., and FISHMAN, JANE D., Associate Judge, Concur.